# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50318 | **DATE** | 2/17/2004 |
| **CASE TITLE** |  | Maloney vs. Pehlke | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court grants the motion to dismiss in all respects except the individual claims in counts 2, 4, and 5. All prior pending motions to dismiss are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 17 2004 date docketed | 50 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2-17-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, James Maloney, filed pro se a 12- count, second amended complaint pursuant to 42 U.S.C. §§ 1983 and 1985(2), naming as defendants, August Pehlke, individually and in his official capacity as a police officer for the City of Sterling (City), Frank Hope, individually and in his official capacity as a police officer for the City, James Juarez, individually and in his official capacity as a police officer for the City, the Sterling Police Department, and the City itself. All claims are related to either an alleged incident involving plaintiff's arrest or actions taken by defendants to prevent the subsequent pursuit of this lawsuit. Defendants have moved to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6).

The court grants the motion to dismiss as to the Sterling Police Department as it is not a legal entity separate from the City. See West v. Waymire, 114 F. 3d 646 (7th Cir. 1997).

The court denies the motion to dismiss based on lack of subject matter jurisdiction as the second amended complaint sufficiently identifies its federal question jurisdictional basis.

The next issue is whether the City should be dismissed for failure to allege the existence of an official policy or custom linked to plaintiff's alleged constitutional harms. While a complaint does not fail to state a claim merely because it does set forth a complete and convincing picture of the alleged wrongdoing, and such standard is to be vigilantly applied to a pro se complaint, a complaint must set forth sufficient facts to put a municipality on notice of the claim against it. McCormick v. City of Chicago, 230 F. 3d 319, 325 (7th Cir. 2000). A municipality may not be held liable under section 1983 based on a theory of respondeat superior, and a plaintiff must allege the existence of a policy or custom of the municipality itself. Latuszkin v. City of Chicago, 250 F. 3d 502, 504-05 (7th Cir. 2001).

Here, plaintiff, after several attempts, has merely alleged, in boilerplate fashion, the existence of an "official policy or custom" but has not alleged that it was one linked to the City or that any of the individual actors were policymakers for the City. Thus, the court grants the motion to dismiss as to all counts directed against the City. Similarly, the court dismisses all claims against the officers in their official capacities as an official capacity suit is the same as one against the City. See DeGenova v. Sheriff of DuPage County, 209 F. 3d 973, 975 n.1 (7th Cir. 2000).

The court next addresses the claims brought in counts 8-12. While plaintiff does not specify as to counts 8-10 which section of 42 U.S.C. § 1985 he relies on, he states in his response brief that they are all based on section 1985(2) (including count 12 which typographically refers to section 1982(2)). He further states in his response brief that all of the section 1985 counts "implicitly allege conspiracy."

The "implication" in counts 8-12 is that the various defendants destroyed evidence and took action to intimidate plaintiff in an effort to keep him from pursuing this federal action. To state a claim under section 1985(2), a plaintiff must allege: (1) a conspiracy among the defendants, (2) to injure a party or witness in his person or property, (3) because he or she attended or testified in a federal court, and (4) resulting in injury or damages. Saniat v. City of Chicago, 2003 WL 22964373, * 3 (N.D. Ill. Dec. 16, 2003) (citing Wright v. Illinois Dept. of Children and Family Services, 40 F. 3d 1492 (7th Cir. 1994)).

Plaintiff's claims in this case, as embodied in counts 8-12, fail to allege a cause of action under section 1985(2). First, there are no express allegations of conspiracy in counts 8-12, nor can they be inferred from the existing allegations. Second, there are also no allegations of any design to injure any party or witness in their property or person. Finally, it is not apparent what injury or damage would have been suffered by plaintiff as he has obviously not been intimidated nor backed off of his pursuit of this lawsuit. As for count 8 which alleges destruction of a supposedly exculpatory tape recording of a witness interview, plaintiff has not been injured as he still has the option of deposing both the witness and Pehlke who conducted the interview. Further, plaintiff has not alleged how destruction of the tape would support a claim under section 1985(2). For all these reasons, the court grants the motion to dismiss as to counts 8-12.

That leaves counts 1-7 under section 1983 against the individual defendants only. Count I is dismissed as the mere allegation that Pehlke pointed to his gun does not state a claim for excessive force under the Fourth Amendment or a violation of any other constitutional provision.

Count 3, which is a claim for false imprisonment under the Fourth Amendment, is duplicative of the false arrest claim in count 4 and is, therefore, dismissed.

Count 6, a claim for a "due process violation," appears to allege a claim for malicious prosecution rather than a due process violation. See McCann v. Mangialardi, 337 F. 3d 782, 786 (7th Cir. 2003). Because Illinois has a common law tort of malicious prosecution, plaintiff cannot pursue a federal constitutional claim in that regard. McCann, 337 F. 3d at 786.

Count 7, a claim for the taking of personal property by defendants, is dismissed as plaintiff has not alleged the inadequacy of state law remedies nor a violation of a substantive constitutional provision other than due process. See Gable v. City of Chicago, 296 F. 3d 531, 540 (7th Cir. 2002). The reference to the Fourth Amendment is insufficient as that amendment does not support plaintiff's claim.

In count 5, based on excessive force under the Fourteenth Amendment, plaintiff alleges that without justification Officer Hope repeatedly slammed on the brakes of the squad car while transporting plaintiff after his arrest causing him to strike the metal grating between the front and rear seat resulting in "minor injuries." Although plaintiff has relied on the Fourteenth Amendment as his basis for liability in count 5, he was still under arrest as opposed to post-arrest detention at that point and most probably the Fourth Amendment would govern his claim. See Titran v. Ackman, 893 F. 2d 145, 147 (7th Cir. 1990). Thus, the court will consider count 5 as a Fourth Amendment claim for excessive force.

Excessive force claims related to arrest are governed by the Fourth Amendment objective reasonableness standard. Jones v. Webb, 45 F. 3d 178, 183 (7th Cir. 1995). Factors relevant to this inquiry include the severity of the crime, whether the suspect poses an immediate threat to the safety of the police or others, and whether he is actively resisting or evading arrest. Jones, 45 F. 3d at 184.

Here, plaintiff's allegations of excessive force during his arrest (paragraphs 24 and 25) in count 2 and his allegation of excessive force (paragraph 9) in count 5 are sufficient (barely) to withstand a motion to dismiss. The factors listed above can only be assessed in light of evidence not presently before the court. Accordingly, the motion to dismiss is denied as to counts 2 and 5. Even assuming the claim in count 5 is governed by the Fourteenth Amendment, the motion to dismiss would also be denied under the applicable standard for excessive force claims by pre-trail detainees. See Wilson v. Williams, 83 F. 3d 870 (7th Cir. 1996).

This leaves the claim for false arrest in count 4. The court denies the motion to dismiss as to count 4 as the key issue, whether there was probable cause (see DeJuriss v. McGowan, 957 F. 2d 345, 349 n.1 (7th Cir. 1992)), has been alleged and cannot be resolved at this stage of the proceedings.

Lastly, the court denies the motion to dismiss as to the request for punitive damages as the City is no longer a defendant and such damages are potentially recoverable against the individual defendants.

In conclusion, the court grants the motion to dismiss in all respects except the individual claims in counts 2, 4, and 5 (as modified). All prior pending motions to dismiss are denied as moot.